Hon. David W. Christel

_____ FILED _____ LODGED
_____ RECEIVED
May 26, 2020
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| IN THE MATTER OF THE SEARCH OF:<br><br>One (1) cellular telephone (360) 265-9129 (**TT1**), further described in Attachment A, for Investigation of 18 U.S.C. § 1343 and Other Offenses | NO. MJ20-5126<br><br>MOTION TO SEAL AND FOR NON-DISCLOSURE<br><br>**(FILED UNDER SEAL)** |
|---|---|

The United States respectfully requests that the Search Warrant, Application, and related documents, including this motion and attached proposed orders, be sealed, and that a non-disclosure order be entered to protect the government's ongoing criminal investigation. The United States of America further respectfully requests that, notwithstanding the requested sealing and non-disclosure orders, the United States retain the authority to produce the materials subject to this Court's orders as part of its discovery obligations in a criminal case.

**LEGAL BASIS FOR SEALING**

Federal courts are empowered to seal documents in appropriate circumstances. *Cf.* Fed. R. Crim. P. 6(e)(4) (sealing of indictments). It is well-settled that federal courts have inherent authority to control papers filed with the court, *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003), including the power to seal affidavits filed with search warrants in appropriate circumstances. In *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989), the Court recognized that "information disclosed to the



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

magistrate in support of the warrant request is entitled to the same confidentiality accorded other aspects of the criminal investigation." *Id.* at 1214. This inherent power may appropriately be exercised when disclosure of the affidavit would disclose facts that would interfere with an ongoing criminal investigation. *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006) (noting that a sealed search warrant protects the "government's interest in maintaining [the] integrity of ongoing criminal investigations and ensuring the safety of the informant").

**LEGAL BASIS FOR NON-DISCLOSURE**

The Stored Communications Act (SCA) governs voluntary and compelled disclosure of subscriber or customer information by internet service providers, such as VERIZON WIRELESS, that are providers of electronic communication services, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Section 2705(b) of the SCA authorizes the Court to issue a non-disclosure order "commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." 18 U.S.C. § 2705(b). The SCA provides that such an order is appropriate if notification would result in:

(1) endangering the life or physical safety of an individual;

(2) flight from prosecution;

(3) destruction of or tampering with evidence;

(4) intimidation of potential witnesses; or

(5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b.)

VERIZON WIRELESS is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

## FACTUAL BASIS FOR SEALING AND NON-DISCLOSURE

This is an investigation into a wire fraud scheme that involved Julie Sue DORAN defrauding a victim company of approximately $700,000, much of it in real estate in Aruba, where the target, Julie Sue DORAN eventually resided for an unknown amount of time. In this case, the requested non-disclosure and sealing orders would be appropriate because the warrant relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the targets to the ongoing investigation. There is reason to believe that disclosure of the investigation would result in the destruction of evidence, from cell phones or otherwise. Notification of the existing warrant would also give the target an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the physical safety of the many witnesses used to date. *See* 18 U.S.C. § 2705(b). Accordingly, the United States of America respectfully requests that the documents in this case be sealed because their premature disclosure may seriously jeopardize the investigation.

## CONCLUSION

For the above reasons, the United States respectfully requests that the Court:

(1) enter the attached orders directing VERIZON WIRELESS not to disclose the existence or content of the subpoena, **for a period of one year**, except that VERIZON WIRELESS may disclose the subpoena to an attorney for VERIZON WIRELESS for the purpose of receiving legal advice; and

(2) enter the attached order sealing the warrant application materials and other documents related thereto, including the motions and orders related to sealing and non-



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

disclosure, until the earliest of the following: (a) two weeks following the unsealing of any charging document in a matter for which the warrants were issued; (b) two weeks following the closure of the investigation for which the warrants were issued; or (c) sixteen months following issuance of the warrant, unless the Court, upon motion of the government for good cause, orders an extension of the Order.

DATED this 26th day of May, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ André M. Peñalver*
ANDRÉ M. PEÑALVER
Assistant United States Attorney



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970